UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VINCENT CERBINI,

Plaintiff,

vs.   Case No. 8:16-cv-3443-T-27JSS

FLORIDA SHUTTERS AND BLINDS, INC.
and RICK DEGOLYER,

Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendants, Florida Shutters and Blinds, Inc. and Rick Degolyer's, Motion to Dismiss (Dkt. 12), which Plaintiff opposes (Dkt. 13). Upon consideration, the Motion (Dkt. 12) is DENIED.

In this Fair Labor Standards Act case, Plaintiff alleges that Defendants terminated his employment in retaliation for engaging in protected activity in violation of 29 U.S.C. § 215(a)(3). Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) arguing that Plaintiff failed to join the proper employer under Fed. R. Civ. P. 19.

Dismissal of an action pursuant to Rule 12(b)(7) for failure to join a party under Rule 19 is a two-step inquiry. *Molinos Valle del Cibao v. Lama*, 633 F.3d 1330, 1344 (11th Cir.2011); *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1279 (11th Cir.2003). The first step is to determine whether the absent party should be joined if feasible under Rule 19(a). *Pinellas Suncoast*, 344 F.3d at 1279-80. If the absent party should be joined, but cannot be then "the court

1

must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). The factors to consider include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.* And, it is Defendants' "burden to demonstrate which Rule 19(b) factors require[] dismissal 'in equity and good conscience.'" *Lama*, 633 F.3d 1330, 1347 (11th Cir.2011).

Defendants fail to meet their burden. Defendants fail to identify the absent party Plaintiff failed to join. It is impossible to determine, therefore, whether the absent party should be joined if feasible. Fed. R. Civ. P. 19(a); *Pinellas Suncoast*, 344 F.3d at1279. Even if the absent party should be joined, but could not be, Defendants fail to articulate any factors that weigh in favor of dismissal. *See Lama*, 633 F.3d at 1344-45.

Accordingly, Defendants, Florida Shutters and Blinds, Inc. and Rick Degolyer's, Motion to Dismiss (Dkt. 12) is **DENIED**. Defendants shall answer the Complaint within **fourteen (14) days**.

**DONE AND ORDERED** this ___8th___ day of May, 2017.

                                        **JAMES D. WHITTEMORE**
                                        United States District Judge

Copies to: Counsel of Record